# LUMER & NEVILLE

Attorneys At Law

MICHAEL B. LUMER
JAMES C. NEVILLE

225 BROADWAY SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LUMERNEVILLE.COM

(212) 566-5060
FACSIMILE (212) 406-6890

May 1, 2016

**By ECF**
Hon. Steven M. Gold
Unites States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

      Re:    Martinez v. The City of New York, et al.,
              15 CV 5182 (ERK) (SMG)

Dear Judge Gold:

      I am co-counsel for plaintiff and write to respectfully address the defendants' letter of April 29, 2016, and whether the identity of the two individuals named in the Amended Complaint as Informants 1 and 2 should be subject to a protective order. As set forth below, these individuals were publicly identified previously and a protective order is neither necessary nor appropriate. However, plaintiff has no current interest in revising his amended pleading to name either person and there is no reason for such motion practice at this time. Rather, plaintiff proposes that the parties proceed with discovery, which will better inform the parties and the Court as to whether there is even a remote basis for imposing the burdens of a confidentiality order on the parties.

      As an initial matter, it is plaintiff's understanding that the informants were publicly named in documents docketed by prosecutors, some of which were then produced by the defendants without redaction in their initial disclosures. It is further undisputed that the defendants did not seek a protective order before or after this production, which is understandable as the prior publication was dispositive of the issue.

      In that regard, the defendants' argument that the post-dismissal sealing of the criminal file retroactively rendered the information confidential is absurd. The information was publicly filed by prosecutors who understood that the informants' identities were now publicly available without limitation. That the file was later sealed as a result of the dismissal does not change that fact. Moreover, plaintiff continues to maintain the right to access the criminal file in its entirety and to assign this right to whomever he chooses.

Having said that, as I stated during the last Court conference, plaintiff does not presently intend to modify his complaint in order to name either individual, and there is no immediately pending event that would necessitate publicly naming either person.

At the same time, the plaintiff does have enough information to adequately brief the issue at this time. To date, the plaintiffs have turned over a total of 191 pages of documents in their initial disclosures, all of which appear to be taken from the state court file, although they are plainly but a small portion of that file. Virtually none of the prosecution's file has been disclosed, nor has municipal defendant produced the NYPD or FDNY documentation in its possession, even though this vast array of discovery has been in the defendants' possession since the case was filed some seven months ago. It would be unfair for the plaintiff to have to brief the issue of confidentiality now when he is at such a disadvantage in terms of available information, and we would urge the Court to delay such motion practice until the plaintiff is on more even footing with the defendants.

In the interim, the informants will continue to be named in the pleadings as Informants 1 and 2, and plaintiff will refrain from any needless publication of their identities. Their actual identities, however, should not be formally deemed confidential, in light of their prior publication in the criminal proceedings, and the defendants' casual production of this information in their initial disclosures.

Thank you for your kind attention.

Respectfully submitted,

Michael Lumer

cc: All counsel of record (By ECF)