# LUMER & NEVILLE

### Attorneys At Law

MICHAEL B. LUMER

JAMES C. NEVILLE

225 BROADWAY SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LumerNeville.com

(212) 566-5060
FACSIMILE (212) 406-6890

July 8, 2016

**By ECF**

Hon. Steven M. Gold
Unites States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

> Re: **Martinez v. The City of New York, et al.,**
> **15 CV 5182 (ERK) (SMG)**

Dear Judge Gold:

I am co-counsel for plaintiff and hereby submit plaintiff's status letter in accordance with the Court's April 21, 2016, order and in advance of the July 14, 2016, status conference. As discussed below, the defendants have failed to produce any discovery responses, despite various assurances that production was forthcoming and the fact that they have had the files since 2015. Accordingly, plaintiff is seeking an order from this Court compelling the immediate and complete production of responsive information and materials.

To date the defendants have yet to tender a single substantive interrogatory response, identify a single witness other than the named parties, or produce single document of any sort, other than an initial production of 191 miscellaneous pages, which was produced in January 2016. I recently spoke with ACC Wilson, whose newest assurance is that responses will be forthcoming by July 22, 2016. Given the absence of any meaningful effort to produce disclosures or responses over the past six months, this promise is meaningless.

The defendants will no doubt point to plaintiff's May 6, 2016, extensive discovery demands to support their claim that somehow the voluminous nature of this case justifies their abject refusal to produce initial disclosures and discovery. It does not. As the history of this litigation makes clear, the defendants' game plan is to delay discovery production for as long as possible. Such dilatory tactics should not be countenanced.

LUMER & NEVILLE

Hon. Steven M. Gold
July 8, 2016
Page -2-


**Relevant Background**

  The history of this litigation illustrates this point. Plaintiff filed this action in September 2015.  On September 30, 2015, the City moved for additional time to respond, stating that Rule 11 and making representational decisions required counsel to obtain and review NYPD, KCDA, and Criminal Court records. On November 24, the City asked for a second enlargement, noting that the KCDA file "comprises approximately eight (8) boxes of documents," and stating that it was "just beginning to review documents related to the underlying criminal matter."  These motions – docketed as Documents 6 and 11 – confirmed that defense counsel had begun the process of obtaining and reviewing the file, and that this process would take at least two more weeks. That was more than seven months ago.

  On December 10, 2015, defendants moved for a third enlargement, saying they had just learned two days earlier that they would need a new unsealing authorization to obtain records from the NYPD. (Document 13). This was a non-issue, as defendants already had the KCDA records, which would have incorporated virtually all of the NYPD and FDNY documentation. Still, plaintiff consented and the motion was granted.

  At or about that time, plaintiff produced well over 1,400 pages of documents to the defendants, who eventually responded by turning over a total of 191 pages. While these contained the NYPD arrest and complaint reports (a total of six pages), the remainder were documents from the court file, including some NYPD records that were part of motion practice or otherwise submitted to the court.  To date, the defendants have not produced a single page from the KCDA's file, nor any of the NYPD's records, other than the few pages referenced above, and the only witnesses identified by name are the named parties.

  On January 25, 2016, defendants finally served a partial motion to dismiss that did not challenge the individual claims against Holmes and O'Dwyer. Plaintiff later amended his complaint on April 22, 2016. This time, all of the defendants moved to dismiss. On May 13, 2016, defendants, relying on this new motion, moved to stay all discovery. The Court denied the motion on May 18, 2016, noting, in part, that, "[a]ny delay in discovery therefore risks unfair prejudice to plaintiff, because - among other reasons - documents may be lost and recollections may fade."

  Meanwhile, at the April 21, 2016, conference, the Court directed the parties to commence discovery and ordered plaintiff to serve his demands no later than May 6.  These demands were served that day by hand, meaning that defendants' responses were due no later than Monday, June 6, 2016. Notably, defendants had not, and have still not, supplemented their original, limited 191-page production or identified any other witnesses.

**LUMER & NEVILLE**

Hon. Steven M. Gold
July 8, 2016
Page -3-

**<u>Defendants' Discovery Non-Production</u>**

June 6, 2016, came and went without any responses. On June 7, defendants moved to extend the deadline to produce their responses by 24 days to July 1, 2016.  The Court granted the motion the next day. On July 1, the defendants finally served their responses, except that said responses were thoroughly unresponsive.

The defendants' repeated response to plaintiff's five interrogatories is to invoke a laundry list of boilerplate objections, refer plaintiff to the 191 pages previously produced, and then vaguely claim to still be searching for responsive information.

Similarly, with respect to plaintiff's 97 document demands, defendants claim 53 separate times to still be searching for responsive documentation, while objecting and refusing to produce materials to 23 demands, including demands for personnel, disciplinary, and criminal prosecution records for Holmes and O'Dwyer. Interestingly, defendants state that there are no materials responsive to 21 demands. This confirms that defendants have the files available to them and have enough familiarity with the materials to distinguish between what they do and do not have in their possession. Yet, defendants still failed to produce a single page of materials.

The KCDA files have, as defendants have previously acknowledged, been available to counsel since at least November 2015. There is no legitimate reason why these materials were not summarily turned over as initial disclosures many months ago, and there is no good faith explanation for defendants' continuing failure to produce any of these records, which no doubt contain many of the NYPD and FDNY documents, since that time. Plaintiff therefore asks that defendants be directed to produce all outstanding discovery.

Thank you for your kind attention.

Respectfully submitted,

Michael Lumer

cc:      All counsel of record (By ECF)